No. 2582.—C. H. SLOCOMB & Co. *v.* A. G. CAGE, Sheriff, et al.

The judgment creditors instructed their attorney to bid on property seized in their name. The property sold on twelve months' credit, and the attorney gave a twelve months' bond, as the attorney in fact of his clients, for the price bid. The judgment creditors took the property. Pending the seizure other creditors had asserted a privilege on the property seized superior to that of the seizing creditors. The seizing creditors seek to avoid their liability on the bond, on the ground that the attorney who signed it was without authority to do so. Held—That although the attorney, as such, could not bind his clients on the bond, yet their accepting the property purchased by him at the sale under their instructions, was a ratification of his act in signing the bond, by which they were bound.

APPEAL from Third Judicial District, parish of Terrebonne. *Train,* J. *Belcher & Beattie,* for plaintiffs and appellants. *Bush & Goode,* for defendants and appellees.

TALIAFERRO, J. The plaintiffs, who are merchants of New Orleans, having debts due them by their customers in the parish of Terrebonne, placed their claims there in the hands of Winchester Hall, an attorney at law, formerly residing in that section of the State. The attorney obtained a judgment for his clients against Lester and Tennent and also a judgment against Lester, Tennent & Co. He caused execution to issue, and a seizure was made of certain property of these debtors. An offering of the property was made without any bid being obtained at its appraised value, and it was advertised for sale on a credit of twelve months. Before this sale came on, Hall wrote to his.

clients as follows: "Tennent has an interest in a saw mill, at which some logs and lumber, amounting to a few hundred dollars, were seized, and will be sold on first of September. If no one bids the price of·appraisement, I will bid them off for you, as I suppose they can be disposed of."

This letter was written on the fourteenth of August, 1866, two weeks before the sale. On the fifteenth of August, Slocomb & Co. replied: " I have your favor of the fourteenth instant, and will accept Duroy's proposition, as clearly explained by you. Your statement of proceedings in cases of Berger & Brown and Lester, Tennent & Co. is very satisfactory." While the property was under seizure, and before the sale, Bergeron and Coloitre filed third oppositions. The sheriff was ordered to retain proceeds of sale, and the attorney of Slocomb & Co. accepted service of the petitions of the opponents. Sale was made, and the property purchased by Hall, who executed a twelve months' bond in the name of his clients for the sum of five hundred and nineteen dollars, signing the bond as attorney in fact of Slocomb & Co. The opponents established their claims as entitled to privileges of a higher grade than that of the seizing creditors, and the bond was made payable to the sheriff for the use and benefit of the creditors of Charles Tennent. At the maturity of the bond, execution was issued in the interests of the opponents against Slocomb & Co. who enjoined the execution. The injunction forms the basis of the suit now before the court.

The plaintiffs in injunction deny that they ever authorized their attorney at law, Hall, to sign the bond·in question, and deny that they are bound by his unauthorized act; asserting that they were never informed of his having executed the instrument until the sheriff called upon them with the execution. No authorization from them to sign the bond is shown, and as attorney at law, Hall was incompetent to do it. The plaintiffs, however, sanctioned the attorney's intention to buy the lumber and saw logs. The reasonable construction of their sanction would seem to be that, having a bad debt on hand, they were willing to take towards its payment anything that could be made available. We find in the correspondence between the plaintiffs and their attorney that the purpose of making the purchase was to exchange the logs at the saw mill for plank, which might be brought on the railroad to the city and sold for money. On the eighteenth of October, 1866, the plaintiffs wrote to Hall, directing him to have the lumber at Tigerville in about fifteen days so as to ship it by a boat to be ready there to receive it, to which Hall replied on the tenth of November following, that sixteen thousand feet of lumber had been delivered there subject to the order of Mr. Bru, the captain of the boat which was to receive it. The plaintiffs having, through their agent, received the lumber, are estopped from refusing to account for the amount brought by the

Slocomb & Co. v. Cage, Sheriff, et al.

sale of the property seized under their own execution, for this would be to deprive the opponents, having a superior privilege, of their just dues. On these grounds we think the judgment rendered in this case should be maintained.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts.